# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Cheryl James and Sandra Denton p/k/a Salt-N-Pepa, | Southern District New York | Denise L. Cote |
| v. | **Date the Order or Judgment Appealed from was Entered on the Docket:** January 8, 2026 | **District Court Docket No.:** 1:25-cv-4182 |
| UMG Recordings, Inc., a Delaware corporation doing business as Universal Music Group. | **Date the Notice of Appeal was Filed:** February 5, 2026 | **Is this a Cross Appeal?** ☐ Yes ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name: Address: Telephone No.: Fax No.: E-mail:

Richard S. Busch
King & Ballow Law Offices
26 Century Boulevard, Suite NT 700, Nashville, Tennessee 37214
Phone: (615) 259-3456; Fax: (615) 266-4640; Email: rbusch@kingballow.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name: Address: Telephone No.: Fax No.: E-mail:

Richard S. Mandel; Thomas Kjellberg; and Dasha Chestukhin
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street, New York, NY 10036
Phone: (212) 790-9200; Fax: (212) 575-0671; Email: rsm@cll.com

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| No Transcribed Proceedings | n/a | n/a | If Yes, provide the following: Case Name: 2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

**1. Federal Jurisdiction**
☐ U.S. a party
☑ Federal question (U.S. not a party)
☐ Diversity
☑ Other (specify): Supplemental

**2. Appellate Jurisdiction**
☑ Final Decision
☐ Interlocutory Decision Appealable As of Right
☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))
☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2025)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [✓] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [✓] Denied: $ 1,000,000
- [✓] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [✓] Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [✓] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [✓] Other (Specify): Conversion

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes  [✓] No

Will appeal raise a matter of first impression?
- [ ] Yes  [✓] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✓] No

If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

Date: **February 18, 2026**  Signature of Counsel of Record: **/s/ Richard S. Busch**

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

*James et al. v. UMG Recordings, Inc.*
No. 26-253

## Addendum A

1.  *A brief, but not perfunctory, description of the nature of the action.*
This is an action for Declaratory Judgment and Conversion. Both causes
of action arise out of Cheryl James and Sandra Denton, collectively, p/k/a/
Salt-N-Pepa exercising their rights as authors under the Copyright Act
of 1976's termination provision codified at 17 U.S.C. § 203. Salt-N-Pepa
are world-renowned recording artists averaging approximately five
million (5,000,000) monthly streams on Spotify alone, that have over one
billion streams world-wide, and that have sold over fifteen million
albums that include such hits as "Push It," "Shoop," and "Whatta Man".
It is undisputed that Salt-N-Pepa timely served the requisite notices
under Section 203 to terminate the grant of the copyrights to the sound
recordings making up these world famous songs. Congress created these
termination provisions, "because of the unequal bargaining position of
authors, resulting in part from the impossibility of determining a work's
value until it has been exploited." H.R. 94-1476. UMG Recordings, Inc.
("UMG") has enjoyed the benefits these recordings and a lop-sided deal
since it received these rights in 1986, taking far more than the lion's
share of the royalties from the exploitations of the recordings, which
generate tens of millions of dollars annually. Yet, despite receipt of
timely, compliant termination notices, UMG refused to relinquish rights,
arguing, *inter alia*, that the recordings were works made for hire,
exempting them from termination under Section 203, and that pursuant
to the operative contracts, Salt-N-Pepa never made a terminable grant to
UMG's predecessor-in-interest. Salt-N-Pepa seek a declaration that their
recordings were not made for hire, and that their termination notices
were duly served and sever the grant of copyrights to the scheduled
recordings, rendering them the owners of the underlying copyrights. Salt-
N-Pepa have also brought a claim of conversion to recover the actual
master tapes that comprise these sound recordings.

2.  *The result below.* The District Court granted UMG's motion to
dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that Salt-N-Pepa had
not made a terminable grant under the plain language of the relevant

agreements. Per the District Court's Memorandum Opinion: "[T]he 1986 agreements do not indicate that Plaintiffs ever owned the copyrights to the sound recordings or that they granted a transfer of those rights to anyone else." RE.46 at p. 13.

3.      *A copy of the notice of appeal and a current copy of the lower court docket sheet.* **Attached**.

4.      *A copy of all relevant opinions/orders forming the basis for this appeal.* **Attached**.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Cheryl James and Sandra Denton p/k/a Salt-N-Pepa,
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

UMG Recordings, Inc., a Delaware corporation

doing business as Universal Music Group
(List the full name(s) of the defendant(s)/respondent(s).)

1:25 CV 04182 ( DLC )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties:

Plaintiffs, Cheryl James and Sandra Denton p/k/a Salt-N-Pepa
(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the  ☒ judgment  ☒ order  entered on: Jan. 8, 2026 (Order) & Jan. 9, 2026 (Judgment)
(date that judgment or order was entered on docket)

that:

Granted Defendant's Motion to Dismiss all Plaintiff's Claims and the Judgment in favor of

Defendant
(If the appeal is from an order, provide a brief description above of the decision in the order.)

February 4, 2026          /s/ Richard S. Busch *
Dated                     Signature *

Busch, Richard S., counsel for Plaintiffs, Cheryl James and Sandra Denton p/k/a Salt-N-Pepa
Name (Last, First, MI)

26 Century Blvd., Suite NT 700  Nashville   Tennessee       37214
Address                        City        State          Zip Code

(615) 259-3456                 rbusch@kingballow.com
Telephone Number               E-mail Address (if available)

---

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-cv-04182-DLC

James et al v. UMG Recordings, Inc.
Assigned to: Judge Denise L. Cote
Cause: 17:101 Copyright Infringement

Date Filed: 05/19/2025
Date Terminated: 01/09/2026
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Cheryl James**
*personally known as*
Salt-N-Pepa

represented by **Richard Steven Busch**
King & Ballow
26 Century Boulevard
Suite NT 700
Nashville, TN 37214
615-726-5422
Fax: 888-688-0482
Email: rbusch@kingballow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Perry**
Blank Rome, LLP (PA)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
215-569-5767
Fax: 215-832-5767
Email: perry@blankrome.com
*ATTORNEY TO BE NOTICED*

**Jillian Taylor**
Blank Rome LLP
130 N. 18th Street
One Logan Square
Philadelphia, PA 19103
215-569-5576
Email: jmtaylor@blankrome.com
*ATTORNEY TO BE NOTICED*

**Roy W. Arnold**
Blank Rome
501 Grant Street
Ste 8th Floor
Pittsburgh, PA 15219
412-932-2814
Email: roy.arnold@blankrome.com
*ATTORNEY TO BE NOTICED*

**Heidi Grace Crikelair**
Blank Rome LLP
Business Litigation
130 North 18th Street
Philadelphia, PA 19103
215-569-5366
Email: heidi.crikelair@blankrome.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Sandra Denton**                    represented by **Richard Steven Busch**
*personally known as*                (See above for address)
Salt-N-Pepa                          *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **David Michael Perry**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

                                     **Jillian Taylor**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

                                     **Roy W. Arnold**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

                                     **Heidi Grace Crikelair**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

V.

<u>Movant</u>

**Joseph Anthony Reyna**             represented by **Joseph Anthony Reyna**
                                     PRO SE

V.

<u>Defendant</u>

**UMG Recordings, Inc.**             represented by **Richard Stephen Mandel**
*a Delaware corporation*             Cowan, Liebowitz & Latman, P.C.
*doing business as*                  114 West 47th Street
Universal Music Group                New York, NY 10036
                                     (212) 790-9291
                                     Fax: (212) 575-0671
                                     Email: rsm@cll.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Dasha Chestukhin**
                                     Cowan, Liebowitz & Latman, P.C.
                                     114 W 47th Street

Ste 21st Floor
New York, NY 10036
212-790-9200
Fax: 212-575-0671
Email: dxc@cll.com
*ATTORNEY TO BE NOTICED*

**Thomas Kjellberg**
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9202
Fax: (212) 575-0671
Email: txk@cll.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2025 | 1 | COMPLAINT against UMG Recordings, Inc.. (Filing Fee $ 405.00, Receipt Number ANYSDC-31101268)Document filed by Cheryl James, Sandra Denton. (Attachments: # 1 Exhibit A - 1986 NITA Agreement, # 2 Exhibit B - 1986 Agreement with Amendments, # 3 Exhibit C - 1992 London Agreement, # 4 Exhibit D - 1992 NITA Agreement, # 5 Exhibit E - Termination Notice, # 6 Exhibit F - Counter-Notice, # 7 Exhibit G - Exploitation Agreement, # 8 Exhibit H - Response Letter re: notice of termination, # 9 Exhibit I - Letter to UMG, # 10 Exhibit J - Salt-N-Pepa Response to 4/1/2025 Letter).(Crikelair, Heidi) (Entered: 05/19/2025) |
| 05/19/2025 | 2 | CIVIL COVER SHEET filed..(Crikelair, Heidi) (Entered: 05/19/2025) |
| 05/19/2025 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to UMG Recordings, Inc., re: 1 Complaint,,. Document filed by Sandra Denton, Cheryl James..(Crikelair, Heidi) (Entered: 05/19/2025) |
| 05/20/2025 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Heidi Grace Crikelair. The party information for the following party/parties has been modified: UMG Recordings, Inc... The information for the party/parties has been modified for the following reason/reasons: party text was omitted; alias party name was omitted. (vf)** (Entered: 05/20/2025) |
| 05/20/2025 | | ***NOTICE TO ATTORNEY TO SUBMIT AO 121 FORM COPYRIGHT. Notice to Attorney Heidi Grace Crikelair to submit a completed AO 121 Form Copyright to court for review. Use the event type AO 121 Copyright - Notice of Submission by Attorney found under the event list Other Documents. (vf)** (Entered: 05/20/2025) |
| 05/20/2025 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Denise L. Cote. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(vf) (Entered: 05/20/2025) |
| 05/20/2025 | | Magistrate Judge Robyn F. Tarnofsky is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties |

| | | who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vf) (Entered: 05/20/2025) |
|---|---|---|
| 05/20/2025 | | Case Designated ECF. (vf) (Entered: 05/20/2025) |
| 05/20/2025 | 4 | ELECTRONIC SUMMONS ISSUED as to UMG Recordings, Inc.. (vf) (Entered: 05/20/2025) |
| 05/20/2025 | 5 | LETTER addressed to Judge Denise L. Cote from Heidi G. Crikelair dated 05/20/2025 re: Removal of Sensitive Exhibits by the Clerk, etc.. Document filed by Sandra Denton, Cheryl James. (Attachments: # 1 Exhibit A - Agreement, # 2 Exhibit B - 1986 Agreement, # 3 Exhibit H - Response Letter).(Crikelair, Heidi) (Entered: 05/20/2025) |
| 05/20/2025 | 6 | MEMO ENDORSEMENT on re: 5 Letter. ENDORSEMENT: Granted. (Signed by Judge Denise L. Cote on 5/20/2025) (jwh) (Entered: 05/20/2025) |
| 05/21/2025 | 7 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 7/24/2025 at 11:00 AM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote. (Signed by Judge Denise L. Cote on 5/21/2025) (vfr) (Entered: 05/21/2025) |
| 05/22/2025 | 8 | MOTION FOR LEAVE TO FILE CONSOLIDATED AMICUS CURIAE BRIEF. (jca) (Entered: 05/22/2025) |
| 05/23/2025 | 9 | ORDER denying 8 Letter Motion for Leave to File Document. Accordingly, it is hereby ORDERED that Reyna's May 22 motion is denied. (Signed by Judge Denise L. Cote on 5/23/2025) (vfr) (Entered: 05/23/2025) |
| 05/27/2025 | 10 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review..(Crikelair, Heidi) (Entered: 05/27/2025) |
| 05/27/2025 | 11 | MOTION for Jillian M. Taylor to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31139418. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sandra Denton, Cheryl James. (Attachments: # 1 Affidavit Affidavit of Jillian M. Taylor, # 2 Exhibit Exhibit A- Certificate of Good Standing, # 3 Proposed Order Proposed Order).(Taylor, Jillian) (Entered: 05/27/2025) |
| 05/27/2025 | 12 | MOTION for David M. Perry to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31139458. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sandra Denton, Cheryl James. (Attachments: # 1 Affidavit Affidavit of David M. Perry, # 2 Exhibit Exhibit A- Certificate of Good Standing, # 3 Proposed Order Proposed Order).(Perry, David) (Entered: 05/27/2025) |
| 05/27/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Jillian M. Taylor to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31139418. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 05/27/2025) |
| 05/27/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 12 MOTION for David M. Perry to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31139458. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 05/27/2025) |
| 05/28/2025 | 13 | ORDER granting 11 Motion for Jillian M. Taylor to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (jwh) (Entered: 05/28/2025) |

| 05/28/2025 | 14 | ORDER granting 12 Motion for David M. Perry to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (jwh) (Entered: 05/28/2025) |
|---|---|---|
| 05/28/2025 | 15 | MOTION for Roy W. Arnold to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31146411. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sandra Denton, Cheryl James. (Attachments: # 1 Affidavit Affidavit of Roy Arnold, # 2 Exhibit Exhibit A- Certificate of Good Standing, # 3 Proposed Order Proposed Order).(Arnold, Roy) (Entered: 05/28/2025) |
| 05/28/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 15 MOTION for Roy W. Arnold to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31146411. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 05/28/2025) |
| 05/29/2025 | 16 | ORDER granting 15 Motion for Roy W. Arnold to Appear Pro Hac Vice (HEREBY ORDERED by Judge Denise L. Cote)(Text Only Order) (jwh) (Entered: 05/29/2025) |
| 05/29/2025 | 17 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights..(gp) (Entered: 05/29/2025) |
| 06/04/2025 | 18 | SUMMONS RETURNED EXECUTED. UMG Recordings, Inc. served on 6/2/2025, answer due 6/23/2025. Service was accepted by Sarai Marin, Process Specialist. Document filed by Cheryl James; Sandra Denton..(Crikelair, Heidi) (Entered: 06/04/2025) |
| 06/04/2025 | 19 | NOTICE OF APPEARANCE by Richard Stephen Mandel on behalf of UMG Recordings, Inc...(Mandel, Richard) (Entered: 06/04/2025) |
| 06/04/2025 | 20 | NOTICE OF APPEARANCE by Thomas Kjellberg on behalf of UMG Recordings, Inc... (Kjellberg, Thomas) (Entered: 06/04/2025) |
| 06/05/2025 | 21 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint,, *or Otherwise Move* addressed to Judge Denise L. Cote from Richard S. Mandel dated June 5, 2025. Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 06/05/2025) |
| 06/05/2025 | 22 | ORDER denying in part 21 Letter Motion for Extension of Time to Answer re 1 Complaint. Denied in part. An extension is granted to July 17, 2025. (Signed by Judge Denise L. Cote on 6/5/2025) (jjc) (Entered: 06/05/2025) |
| 06/05/2025 | | Set/Reset Deadlines: UMG Recordings, Inc. answer due 7/17/2025. (jjc) (Entered: 06/05/2025) |
| 07/15/2025 | 23 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Sandra Denton, Cheryl James..(Crikelair, Heidi) (Entered: 07/15/2025) |
| 07/17/2025 | 24 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Universal Music Group Holdings, Inc., Corporate Parent Universal Music Group N.V., Corporate Parent Universal Music Group, Inc. for UMG Recordings, Inc.. Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 07/17/2025) |
| 07/17/2025 | 25 | MOTION to Dismiss . Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 07/17/2025) |
| 07/17/2025 | 26 | MEMORANDUM OF LAW in Support re: 25 MOTION to Dismiss . . Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 07/17/2025) |
| 07/18/2025 | 27 | ORDER: Accordingly, it is hereby ORDERED that plaintiffs shall file any amended complaint by August 8, 2025. It is unlikely that plaintiffs will have a further opportunity to |

| | | |
|---|---|---|
| | | amend. IT IS FURTHER ORDERED that if no amended complaint is filed, plaintiffs shall file any opposition to the motion to dismiss by August 8, 2025. Defendant's reply, if any, shall be filed by August 22, 2025. At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York. IT IS FURTHER ORDERED that the initial pretrial conference scheduled for July 24, 2025 is adjourned sine die. Amended Pleadings due by 8/8/2025. Responses due by 8/8/2025 Replies due by 8/22/2025. (Signed by Judge Denise L. Cote on 7/18/2025) (vfr) (Entered: 07/18/2025) |
| 08/05/2025 | 29 | MOTION to File Amicus Brief. Document filed by Joseph Anthony Reyna.(vfr) (Entered: 08/06/2025) |
| 08/06/2025 | 28 | LETTER addressed to Clerk of Court from Joseph Anthony Reyna dated 7/23/2025 re: I respectfully submit these documents pro se, as a federally documented whistleblower with pending federal litigation involving metadata suppression, constructive authorship, and systemic royalty misattribution-issues materially relevant to the present case. Document filed by Joseph Anthony Reyna. (vfr) Modified on 8/6/2025 (vfr). (Entered: 08/06/2025) |
| 08/08/2025 | 30 | AMENDED COMPLAINT amending 1 Complaint,, against UMG Recordings, Inc. with JURY DEMAND.Document filed by Cheryl James, Sandra Denton. Related document: 1 Complaint,,. (Attachments: # 1 Exhibit A - 1986 NITA Agreement, # 2 Exhibit B - 1986 Agreement, etc., # 3 Exhibit C - 1992 London Agreement, # 4 Exhibit D - 1992 NITA Agreement, # 5 Exhibit E - Termination Notice, # 6 Exhibit F - Counter-Notice, # 7 Exhibit G - Exploitation Agreement, # 8 Exhibit H - Response Letter re: notice of termination, # 9 Exhibit I - Letter to UMG, # 10 Exhibit J - Salt-N-Pepa Response to 4/1/2025 Letter). (Crikelair, Heidi) (Entered: 08/08/2025) |
| 08/08/2025 | 31 | ORDER denying as moot 25 Motion to Dismiss. Accordingly, it is hereby ORDERED that the defendant's July 17, 2025 motion is dismissed as moot. IT IS FURTHER ORDERED that any renewed motion to dismiss will be served by the dates indicated below: Motion served by August 22, 2025 Opposition served by September 5, 2025 Reply served by September 12, 2025 At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York. (Signed by Judge Denise L. Cote on 8/8/2025) (jjc) (Entered: 08/08/2025) |
| 08/18/2025 | 32 | ORDER denying 29 Motion to File Amicus Brief. Accordingly, it is hereby ORDERED that Reyna's August 5 motion is denied. (Signed by Judge Denise L. Cote on 8/15/2025) (vfr) (Entered: 08/18/2025) |
| 08/22/2025 | 33 | MOTION to Dismiss . Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 08/22/2025) |
| 08/22/2025 | 34 | MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss . . Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 08/22/2025) |
| 08/25/2025 | 35 | NOTICE OF APPEARANCE by Dasha Chestukhin on behalf of UMG Recordings, Inc... (Chestukhin, Dasha) (Entered: 08/25/2025) |
| 08/27/2025 | 36 | LETTER MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Dismiss . addressed to Judge Denise L. Cote from Heidi Crikelair dated 08/27/2025. Document filed by Sandra Denton, Cheryl James. (Attachments: # 1 Proposed Order Proposed Order).(Crikelair, Heidi) (Entered: 08/27/2025) |
| 08/28/2025 | 37 | ORDER granting 36 Letter Motion for Extension of Time to File Response/Reply re 33 MOTION to Dismiss . Granted. Responses due by 9/12/2025 Replies due by 9/19/2025. (Signed by Judge Denise L. Cote on 8/28/2025) (vfr) (Entered: 08/28/2025) |

| 09/12/2025 | 38 | MOTION for Oral Argument *(Letter Motion Requesting Oral Argument re defendant's motion to dismiss, etc.* Document filed by Sandra Denton, Cheryl James..(Crikelair, Heidi) (Entered: 09/12/2025) |
|---|---|---|
| 09/12/2025 | 39 | LETTER addressed to Judge Denise L. Cote from Heidi G. Crikelair, Esq. dated September 12, 2025 re: Letter request for oral argument re defendant's motion to dismiss, etc.. Document filed by Sandra Denton, Cheryl James..(Crikelair, Heidi) (Entered: 09/12/2025) |
| 09/12/2025 | 40 | MEMORANDUM OF LAW in Opposition re: 33 MOTION to Dismiss . . Document filed by Sandra Denton, Cheryl James..(Crikelair, Heidi) (Entered: 09/12/2025) |
| 09/19/2025 | 41 | REPLY MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss . . Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 09/19/2025) |
| 11/19/2025 | 42 | LETTER addressed to Judge Denise L. Cote from Richard S. Mandel dated November 19, 2025 re: UMG's motion to dismiss the First Amended Complaint (ECF No. 33). Document filed by UMG Recordings, Inc...(Mandel, Richard) (Entered: 11/19/2025) |
| 11/19/2025 | 43 | MEMO ENDORSEMENT on re: 42 Letter UMG's motion to dismiss the First Amended Complaint (ECF No. 33) filed by UMG Recordings, Inc. ENDORSEMENT : Received. (Signed by Judge Denise L. Cote on 11/19/25) (yv) (Entered: 11/20/2025) |
| 12/04/2025 | 44 | MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY NON-PARTY JOSEPH ANTHONY REYNA. Document filed by Joseph Anthony Reyna. (vfr) (Entered: 12/04/2025) |
| 12/04/2025 | 45 | DECLARATION of Joseph Anthony Reyna in Support re: 44 MOTION to File Amicus Brief. Document filed by Joseph Anthony Reyna. (vfr) (Entered: 12/04/2025) |
| 01/08/2026 | 46 | OPINION AND ORDER re: 33 MOTION to Dismiss filed by UMG Recordings, Inc. The defendant's August 22, 2025 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case. (Signed by Judge Denise L. Cote on 1/8/2026) (vfr) Transmission to Orders and Judgments Clerk for processing. (Entered: 01/08/2026) |
| 01/09/2026 | 47 | CLERK'S JUDGMENT re: 46 Opinion & Order. in favor of UMG Recordings, Inc. against Cheryl James, Sandra Denton. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion & Order dated January 8, 2026, the defendant's August 22, 2025 motion to dismiss is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 1/9/2026) (Attachments: # 1 Notice of right to appeal) (nd) (Entered: 01/09/2026) |
| 01/23/2026 | 48 | LETTER MOTION for Extension of Time *to File a Motion for Attorneys' Fees* addressed to Judge Denise L. Cote from Richard S. Mandel dated January 23, 2026. Document filed by UMG Recordings, Inc.. (Attachments: # 1 Proposed Order Stipulation and proposed Order).(Mandel, Richard) (Entered: 01/23/2026) |
| 01/23/2026 | 49 | STIPULATION AND ORDER EXTENDING DEADLINE TO FILE MOTION FOR ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 54(d)(2): IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel, that the time for Defendant to file any motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2)(B) and 17 U.S.C. § 505, shall be extended until (30) days after the issuance of a mandate by the Second Circuit in the event of a timely appeal from the final judgment entered herein (ECF No. 47), or until March 11, 2026 in the event that no such appeal is timely filed. SO ORDERED. Motions terminated: 48 LETTER MOTION for Extension of Time *to File a Motion for Attorneys' Fees* addressed to Judge Denise L. Cote from Richard S. Mandel dated January 23, 2026. filed by UMG Recordings, Inc. ( Motions |

| | | |
|---|---|---|
| | | due by 3/11/2026.) (Signed by Judge Denise L. Cote on 1/23/2026) (vfr) (Entered: 01/23/2026) |
| 02/04/2026 | 50 | NOTICE OF APPEARANCE by Richard Steven Busch on behalf of Sandra Denton, Cheryl James..(Busch, Richard) (Entered: 02/04/2026) |
| 02/04/2026 | 51 | NOTICE OF APPEAL from 47 Clerk's Judgment, 46 Memorandum & Opinion,. Document filed by Sandra Denton, Cheryl James. Filing fee $ 605.00, receipt number ANYSDC-32363421. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Busch, Richard) (Entered: 02/04/2026) |
| 02/04/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 51 Notice of Appeal. (tp) (Entered: 02/04/2026) |
| 02/04/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 51 Notice of Appeal, filed by Sandra Denton, Cheryl James were transmitted to the U.S. Court of Appeals. (tp) (Entered: 02/04/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/17/2026 17:00:03 | | | |
| **PACER Login:** | richabuschrbusc | **Client Code:** | 67023 |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-04182-DLC |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
CHERYL JAMES AND SANDRA DENTON, p/k/a    :
SALT-N-PEPA,                             :
                                        :
                        Plaintiffs,     :      25cv4182 (DLC)
              -v-                        :
                                        :      OPINION AND
UMG RECORDINGS, INC.,                    :         ORDER
                                        :
                        Defendant.      :
                                        :
--------------------------------------- X
APPEARANCES:

For plaintiffs Cheryl James and Sandra Denton, p/k/a Salt-N-
Pepa:

Heidi G. Crikelair
Roy W. Arnold
David M. Perry
Jillian M. Taylor
Blank Rome LLP
1271 Avenue of the Americas
New York, NY 10020

For defendant UMG Recordings, Inc.:

Richard S. Mandel
Thomas Kjellberg
Dasha Chestukhin
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

DENISE COTE, District Judge:

    Plaintiffs are a well-known rap and hip-hop group and have

sued UMG Recordings, Inc. ("UMG") to regain their copyrights in

and physical recordings of their music.  UMG moves to dismiss

the claims for failure to state a claim.  For the following
reasons, the motion is granted.

### Background

The following facts are alleged in the first amended
complaint ("FAC") and its attachments.[1]  This Opinion summarizes
only the facts necessary to decide this motion.

Plaintiffs Cheryl James and Sandra Denton, professionally
known as the rap and hip-hop group Salt-N-Pepa (collectively,
the "Plaintiffs"), are Grammy-winning artists who have enjoyed
professional success over the last forty years.  Plaintiffs
recorded and released their first song, "The Showstopper," in
1985.  The following year, on May 15, 1986, Plaintiffs entered
into their first recording agreement with Noise In The Attic
Productions, Inc. ("NITA") (the "1986 NITA Recording
Agreement"), a company owned by their producer, Herb Azor.  The
1986 NITA Recording Agreement constituted the parties' agreement

> with respect to Company [NITA] providing
> Artist [Plaintiffs] with production services
> as well as with respect to Artist
> [Plaintiffs] rendering Artist's
> [Plaintiffs'] exclusive personal services to
> Company [NITA] as a recording artist, as

---

[1] In reviewing a motion to dismiss for failure to state a claim,
the court "may consider documents that are attached to the
complaint, incorporated in it by reference, integral to the
complaint, or the proper subject of judicial notice."  United
States v. Strock, 982 F.3d 51, 63 (2d Cir. 2020) (citation
omitted).

> well as granting Company [NITA] certain
> exclusive rights with respect to Artist
> [Plaintiffs] pertaining to audio-visual
> exploitation.

It states, <u>inter alia</u>, under a section entitled "Company's

Rights:"

> As between Company [NITA] and Artist
> [Plaintiffs], <u>Company [NITA] shall be the
> sole and exclusive owner of any and all
> rights, title and/or interest in and to
> master recordings</u> recorded hereunder,
> <u>including</u> but not limited to the <u>worldwide
> sound copyrights</u> therein and the renewal
> rights thereto.

(Emphasis added.)

That same day, Azor entered into a distribution agreement

with Next Plateau Records, Inc. ("Next Plateau Records") (the

"1986 NPR Agreement").  Plaintiffs were not signatories to the

1986 NPR Agreement.  In the 1986 NPR Agreement, Next Plateau

Records engaged Azor to produce and deliver "Sides," or physical

recordings embodying the performances of Plaintiffs.  Regarding

Sides that had already been recorded, it states:

> Upon execution of this agreement, Producer
> [Azor] shall deliver to Company [Next
> Plateau Records] the Sides embodying
> Artist's [Plaintiffs'] performances . . . .
>
> <u>Producer [Azor] warrants and represents that
> Producer [Azor] is the sole and exclusive
> owner of such Sides</u> and all right, title and
> interest therein . . . .
>
> Producer [Azor] hereby sells, transfers and
> assigns to Company [Next Plateau Records],

3

> for the world, all aforesaid right, title
> and interest in and to such Sides including
> without limitation the sound recording
> copyright . . . .

(Emphasis added.)  As for Sides that will be recorded in the

future, the 1986 NPR Agreement provides:

> All Sides recorded during the Term shall be
> recorded by Producer [Azor] on Company [Next
> Plateau Record]'s behalf and all records
> made therefrom, together with the
> performances embodied therein, shall, from
> the inception of their creation, be entirely
> the property of Company [Next Plateau
> Records] in perpetuity, . . . free of any
> claim whatsoever by Producer [Azor], Artist
> [Plaintiffs] . . . and Company [Next Plateau
> Records] shall have the right to secure the
> sound recording (P) copyright in and to the
> Sides in Company [Next Plateau Records]'s
> name as the owner and author thereof and to
> secure any and all renewals of such
> copyright.

(Emphasis added.)

The 1986 NPR Agreement set out the royalties that Next

Plateau Records would pay Azor as producer.  Azor also

represented that a "valid and enforceable agreement" existed

between him and Plaintiffs "under the terms of which Artist

[Plaintiffs] shall perform exclusively for Producer [Azor] as a

recording artist."

There were two attachments to the 1986 NPR Agreement.  One

was a co-publishing agreement between Next Plateau Music, Inc.

and Azor in which Azor assigned 50% of his interests in the

copyrights in compositions owned by Azor and recorded pursuant
to the 1986 NPR Agreement.

The second attachment was an inducement letter dated May
15, 1986, signed by each of the Plaintiffs, and addressed to
Next Plateau Records (the "1986 Inducement Letter"). The Letter
states:

> In order to induce you to enter into [the
> 1986 NPR Agreement] and to pay a good
> valuable consideration therefor, I hereby
> agree as follows:
>
> I [Plaintiffs] hereby specifically guarantee
> the performance by Producer [Azor] of all of
> the warranties and representations and
> covenants made in said agreement [the 1986
> NPR Agreement]. I hereby make all of the
> warranties and representations made to you
> in said agreement [the 1986 NPR Agreement],
> grant you [Next Plateau Records] all of the
> rights and remedies therein granted to you
> [Next Plateau Records] and agree to perform
> all of the obligations therein undertaken to
> be performed for you [Next Plateau Records]
> and undertake to be bound thereby as though
> I was a party to said agreement [the 1986
> NPR Agreement].

(Emphasis added.) In the letter, Plaintiffs also agreed to
"look solely to" Azor for payment for any services they rendered
in accordance with the 1986 NPR Agreement.

Plaintiffs then recorded many popular and critically
acclaimed albums, singles, and remixes pursuant to the terms of
the 1986 agreements. On July 1, 1992, Plaintiffs and NITA
entered into an agreement with London Records for exclusive

recording services (the "1992 London Records Agreement").  In

the 1992 London Records Agreement, the parties "hereto

acknowledge and agree" that:

> Producer [NITA] warrants and represents to
> London that subsequent to the complete
> execution of the [1986 NPR Agreement], Herb
> Azor and Hugh Azor assigned their rights and
> obligations under [that agreement] to
> Producer [NITA].
>
> [A]ll of NP [Next Plateau Records]'s rights
> and obligations under the [1986 NPR
> Agreement], as amended and in full force as
> of the date hereof, . . . <u>have been assigned</u>
> <u>by NP [Next Plateau Records] to London</u> by
> assignment . . . of even date herewith.

(Emphasis added.)  That same day, Plaintiffs entered into a

letter agreement with NITA (the "1992 NITA Agreement")

acknowledging that there were two albums left to be recorded

under the terms of the 1986 NITA Recording Agreement and the

1986 NPR Agreement.  UMG is the successor-in-interest to both

Next Plateau Records and London Records.

On March 22, 2022, Plaintiffs sought to exercise their

right to terminate a prior copyright grant pursuant to § 203 of

the Copyright Act by serving their Notice of Termination on UMG

and filing it with the U.S. Copyright Office.  After a

representative from the Copyright Office requested an amendment

to specify the effective dates of termination for each sound

recording on May 10, Plaintiffs submitted and served an Amended

Notice of Termination on May 13.  In the Amended Notice, the
earliest termination date (applying to a subset of sound
recordings) was listed as May 15, 2024.

On June 27, 2022, UMG sent a counter-notice to Plaintiffs
contending that their Notice of Termination was "invalid and
ineffective" because, among other reasons, Plaintiffs had not
made a grant of sound recordings to UMG's predecessors and, in
the alternative, the sound recordings should be considered
"works made for hire."  On May 15, 2024, the earliest
termination date Plaintiffs alleged in their Amended Notice of
Termination, UMG took down dozens of Plaintiffs' sound
recordings from streaming platforms and distribution channels,
halting their commercial exploitation.

On July 12, 2024, Plaintiffs and UMG entered into a § 203
Exploitation Agreement in which UMG agreed to continue
exploitation of the sound recordings appearing on Plaintiffs'
first two albums, Hot, Cool & Vicious (1986 & 1987) and A Salt
With a Deadly Pepa (1988), while the parties attempted to
resolve their dispute.  On September 12, 2024, Plaintiffs
responded to UMG's June 27, 2022 counter-notice, claiming that
it "was based on incomplete information" and failed to properly
consider the 1986 NITA Recording Agreement.

On April 1, 2025, Plaintiffs terminated the § 203
Exploitation Agreement.  On April 10, UMG responded that it
"continu[es] to dispute the validity and effectiveness" of
Plaintiffs' Notice of Termination and is "ceasing all U.S.
exploitation of the Sound Recordings at this time."  Plaintiffs'
sound recordings remain unavailable in the United States.

On May 19, 2025, Plaintiffs filed this action against UMG.
UMG filed a motion to dismiss on July 17, at which point
Plaintiffs were given the opportunity to amend their complaint
and were warned that it was unlikely they would have a further
opportunity to amend.

On August 8, Plaintiffs filed the FAC, bringing two claims.
Plaintiffs first seek a declaratory judgment that:

> their Notices of Termination are valid, the
> dates of termination are effective, their
> termination rights for the sound recordings
> have vested or will vest in the near future,
> any such vesting must be immediately
> acknowledged by Defendant through a prompt
> transfer of all rights in the sound
> recordings to Plaintiffs, and Defendant's
> disregard of the rights of Plaintiffs
> violates the Copyright Act.

Plaintiffs also bring a common-law conversion claim for damages,
contending that UMG "intentionally and substantially interfered
with Plaintiffs' possession of their Master Tapes."  UMG renewed
its motion to dismiss on August 22.  The renewed motion to
dismiss became fully submitted on September 19.

## Discussion

To defeat a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted).

I.   Declaratory Judgment Claim

Recording artists often transfer copyright ownership in their sound recordings to recording companies, publishers, and others in exchange for promotion and commercialization. When some songs later become "hits," the companies then enjoy most of the economic returns. Recognizing that these copyright transfers are often negotiated in this way due to "the unequal bargaining position" between artists and recording companies and

9

"the impossibility of determining a work's value until it has
been exploited," Congress passed § 203 of the Copyright Act of
1976.  H.R. Rep. 94-1476 (1976).  The Copyright Act defines a
"transfer of copyright ownership" as "an assignment . . . or any
other conveyance . . . of a copyright or of any of the exclusive
rights comprised in a copyright."  17 U.S.C. § 101.  And §
204(a) specifies the required form of a copyright transfer: It
must be made in writing and signed by the owner of the rights
conveyed.  17 U.S.C. § 204(a).

    Section 203 provides artists an opportunity to terminate
prior grants transferring a license or copyright (executed on or
after January 1, 1978) thirty-five years after the grant was
executed.  17 U.S.C. § 203(a).  Termination is available for all
transfers "executed by the author" except those related to
"works made for hire."  Id.  To terminate a prior transfer, an
artist must serve a notice to the copyright owner stating an
"effective date of termination" and file that notice with the
Copyright Office as well.  Id. § 203(a)(4).  Upon that effective
date, the prior grant transferring the copyright is terminated
and the copyright reverts to the author.  Id. § 203(b).  Section
203(b) carves out an exception for "derivative works," which, if
prepared prior to the effective date of termination, "may

continue to be utilized under the terms of the grant after its
termination." <u>Id.</u> § 203(b)(1).

UMG contends that Plaintiffs' claim for a declaratory
judgment based on a violation of § 203 should be dismissed.  UMG
asserts that the FAC fails to plead that Plaintiffs previously
owned and transferred the copyrights at issue.  UMG claims that
the 1986 agreements on which Plaintiffs rely do not establish
that they ever owned the copyrights to their sound recordings,
let alone transferred them to anyone else.  Instead, UMG
contends, these documents reflect that NITA was the exclusive
owner of the rights and transferred them to UMG's predecessors.
UMG also contends that, even if the FAC plausibly alleged
Plaintiffs' ownership and transfer of the copyrights and that
their Notice of Termination is valid, the sound recordings for
Plaintiffs' remixes are "derivative works" that UMG may continue
to utilize after termination.  This Opinion holds that this
first argument is correct, so it is not necessary to reach the
second argument regarding remixes.

Because only an author who executed a grant may terminate
it, 17 U.S.C. § 203(a), the key inquiry here is whether
Plaintiffs, in any of the 1986 agreements, asserted their
ownership of the copyrights and transferred that ownership to a
predecessor of UMG.  The parties agree that New York law applies

to the interpretation of the 1986 agreements, which is
sufficient to apply that law under New York choice-of-law rules.
See Ins. Co. of the State of Pennsylvania v. Equitas Ins. Ltd.,
68 F.4th 774, 779 n.2 (2d Cir. 2023).  Under New York law, "the
fundamental, neutral precept of contract interpretation is that
agreements are construed in accord with the parties' intent and
the best evidence of what parties to a written agreement intend
is what they say in their writing."  Donohue v. Cuomo, 184
N.E.3d 860, 866 (N.Y. 2022) (citation omitted).  As for
assignments (like a transfer of copyright ownership) in
particular, "[i]t is sufficient if the assignor has, in some
fashion, manifested an intention to make a present transfer of
his rights to the assignee."  Deutsche Bank Nat'l Tr. Co. v.
Romano, 48 N.Y.S.3d 237, 240 (N.Y. App. Div. 2017) (citation
omitted).  Additionally, it is well-established under New York
law that contracts "executed at about the same time and covering
the same subject matter are to be interpreted together, even if
one does not incorporate the terms of the other by reference."
P.S. Finance, LLC v. Eureka Woodworks, Inc., 184 N.Y.S.3d 114,
130 n.8 (N.Y. App. Div. 2023); see also Nau v. Vulcan Rail &
Constr. Co., 36 N.E.2d 106, 110 (N.Y. 1941) ("All three
instruments were executed at substantially the same time,

related to the same subject-matter, were contemporaneous writings and must be read together as one.").

Even viewed in the light most favorable to Plaintiffs, the 1986 agreements do not indicate that Plaintiffs ever owned the copyrights to the sound recordings or that they granted a transfer of those rights to anyone else.  It was only Azor and NITA that granted a transfer of rights in 1986 to Next Plateau Records.  The 1986 NITA Agreement stated that NITA "shall be the sole and exclusive owner of any and all rights, title and/or interest in and to master recordings . . . , including but not limited to the worldwide sound copyrights therein."  And the 1986 NPR Agreement (to which Plaintiffs were not a party) confirmed NITA's ownership of all preexisting and future recordings before effecting a transfer of "all aforesaid right, title and interest in and to such Sides including without limitation the sound recording copyright" from NITA to Next Plateau Records.  None of the agreements characterize Plaintiffs as the owner of the copyrights, let alone effect a transfer by Plaintiffs of copyrights.

The absence of a contract evidencing a transfer of rights by Plaintiffs is not surprising.  As UMG notes, the "shall be the sole and exclusive owner" language in the 1986 NITA Recording Agreement indicates that the sound recordings are

13

likely works made for hire, which are excluded from § 203's termination mechanism. Although this Opinion does not reach the issue of whether the recordings were, in fact, works made for hire, such a classification is consistent with the copyright registrations for each of the sound recordings listed in Plaintiffs' Notice of Termination. The copyright registrations all list the author of the sound recording (and, thus, the copyright owner) as "Next Plateau Records, Inc., employer for hire" "London Records, employer for hire" or "UMG Recordings Inc., employer for hire."[2]

Relying on two documents that they executed in 1986, Plaintiffs make two arguments in response. They first contend that the language from the 1986 NITA Recording Agreement, which they executed with their producer Azor, effected a present transfer of their rights. But this argument fails for the reasons described above -- the document does not represent that Plaintiffs owned the copyrights at the time of contract and were transferring those rights to Azor. Read in the context of the

---

[2] These facts are taken from public records that are properly subject to judicial notice under Federal Rule of Evidence 201(b). See Bellin v. Zucker, 6 F.4th 463, 471 n.10, 473 (2d Cir. 2021); see also Fed R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

entire document and together with the other documents executed
that same day, Plaintiffs were acknowledging that NITA would be
the sole copyright owner of any master recordings created
pursuant to their agreement.

Next, Plaintiffs claim that the 1986 Inducement Letter
constitutes their direct grant of their rights to Next Plateau
Records.  They emphasize that their letter is addressed to Next
Plateau Records and grants to Next Plateau Records "all of the
rights and remedies" granted in the 1986 NPR Agreement,
including the copyrights in their sound recordings.  Reading the
two documents in full, however, precludes Plaintiffs'
interpretation.  The complete sentence in the 1986 Inducement
Letter reads as follows:

> I [Plaintiffs] hereby make all of the
> warranties and representations made to you
> in [the 1986 NPR Agreement], grant you all
> of the rights and remedies therein granted
> to you and agree to perform all of the
> obligations therein undertaken to be
> performed for you and undertake to be bound
> thereby as though I was a party to [the 1986
> NPR Agreement].

In their 1986 Inducement Letter, therefore, Plaintiffs agreed to
the representations in the 1986 NPR Agreement which included
NITA's representation that it was "the sole and exclusive owner"
of the copyrights, which it confirmed before transferring those
copyrights to Next Plateau Records.  Thus, the only copyright

transfer effectuated by these agreements was the one from NITA
to Next Plateau Records.  And the statutory text in § 203 is
clear: Plaintiffs can only terminate copyright transfers that
they executed.  They cannot terminate a copyright grant executed
by NITA.  As a result, Plaintiffs do not plausibly allege a
claim for declaratory relief and Count One is dismissed in full.

II.  Conversion

Lastly, UMG contends that Plaintiffs' second claim for
common-law conversion, in which Plaintiffs allege that UMG
"intentionally and substantially interfered with Plaintiffs'
possession of their Master Tapes," fails because Plaintiffs did
not sufficiently allege their ownership of the Master Tapes.
UMG is correct.

"Under New York law, conversion is the unauthorized
assumption and exercise of the right of ownership over goods
belonging to another to the exclusion of the owner's rights."
V&A Collection, LLC v. Guzzini Properties Ltd., 46 F.4th 127,
133 (2d Cir. 2022) (citation omitted).  To state a claim
of conversion, the plaintiff must allege that:

> (1) the party charged has acted without
> authorization, and (2) exercised dominion or
> a right of ownership over property belonging
> to another, (3) the rightful owner makes a
> demand for the property, and (4) the demand
> for the return is refused.

16

Id. (citation omitted).  As such, a "key" element of conversion is "plaintiff's possessory right or interest in the property." Id. (citation omitted).

Plaintiffs fail to plausibly plead their ownership of the Master Tapes that form the basis for their conversion claims. None of the contracts identified by Plaintiffs indicate that they ever owned the Master Tapes.  First, the 1986 NITA Recording Agreement establishes that NITA, not Plaintiffs, was "the sole and exclusive owner of any and all rights, title and/or interest in and to master recordings recorded hereunder." Second, in the 1986 NPR Agreement, ownership of the Master Tapes was transferred to Next Plateau Records.  After representing that he was the "sole and exclusive owner of such Sides and all right, title and interest therein," Azor transferred to Next Plateau Records "all of the [] right, title, and interest in and to" the "Sides embodying Artist's [Plaintiffs'] performances."[3] The transfer included the Sides that Plaintiffs had already recorded at the time of the agreement, as well as the Sides that they would record in the future.

---

[3] The 1986 NPR Agreement defines "Sides" as the "single-sided recording embodying the recorded performances of the Artist and intended for use in the manufacture and sale of phonograph records" and the FAC defines the "Master Tapes" as "the physical copies of the master sound recordings," so the Court understands them to be interchangeable.

17

The FAC alleges that Plaintiffs are "the true owners" of the Master Tapes, but such an allegation, standing alone without any factual details supporting this claim to ownership, is conclusory and need not be accepted as true.  Thus, the FAC fails to plausibly allege a conversion claim.

### Conclusion

The defendant's August 22, 2025 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendant and close the case.

Dated:     New York, New York
           January 8, 2026

_____
DENISE COTE
United States District Judge

18

*James et al. v. UMG Recordings, Inc.*
No. 26-253

**Addendum B**

*Issues proposed to be raised on appeal, as well as the applicable appellate standard of review for each proposed issue.*

Whether the District Court erred in granting Defendant UMG Recording, Inc.'s ("UMG") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), finding that "[T]he 1986 agreements do not indicate that Plaintiffs ever owned the copyrights to the sound recordings or that they granted a transfer of those rights to anyone else" such that Plaintiffs, Cheryl James and Sandra Denton, collectively, p/k/a/ Salt-N-Pepa, had not made a grant of copyrights terminable pursuant to 17 U.S.C. § 203. RE.46 at p. 13. As this finding was made upon UMG's Motion, the standard of review is "*de novo*, 'accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff.'" *Neurological Surgery Prac. of Long Island, PLLC v. United States HHS*, 145 F.4th 212, 222 (2d Cir. 2025) (quoting *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022)).